BRYAN, Justice
(dissenting).
In November 2011, four years ago, the Montgomery County Department of Human Resources (“DHR”)' filed a petition in the Montgomery Juvenile Court seeking to terminate the parental rights of N.B. (“the mother”) to her then' eight-year-old daughter, J.B. (“the child”). For reasons that have not been' explairiéd to this Court, the juvenile court did not conduct a hearing on DHR’s petition until October 30, 2013— nearly two years after the petition to terminate the mother’s parental rights was filed. For reasons that, again, have not been explained to this Court, Judge Anita Kelly did not rule on DHR’s petition, despite repeated requests to do so, until the Court of Civil Appeals, on October 1, 2014, granted DHR’s petition for a writ of man *1218 damus and ordered Judge Kelly to rule— nearly three years after DHR’s petition to terminate the mother’s parental rights was filed and almost one full year after the hearing on the petition to terminate her parental rights.
Despite DHR’s presentation of clear and convincing evidence indicating both that the mother was unable and unwilling to discharge her responsibilities to and for the child, see § 12-15-319, Ala.Code 1975, and that there was no viable alternative to terminating the mother’s parental rights to the child, see B.M. v. State, 895 So.2d 319, 331 (Ala.Civ.App.2004), Judge Kelly entered an order denying DHR’s petition to terminate the mother’s parental rights. DHR and the child’s guardian ad litem separately appealed, and the Court of Civil Appeals, by a vote of 3-2, affirmed the juvenile court’s judgment. See Montgomery Cnty. Dep’t of Human Res. v. N.B., 196 So.3d 1217 (Ala.Civ.App.2015).
The facts of this case are, in many ways, similar to dozens of termination-of-parental-rights cases that come before the Court of Civil Appeals and this Court. The mother has not exercised custody of the child since 2005, when the child was only two years old. The child lived with various relatives until October 2010; at that time, DHR learned that the child had been sexually abused while in the care of her relatives, and the child was placed in foster care. Considering the trauma of her childhood, it is not surprising that the record indicates that the child suffers from post-traumatic stress disorder and is under the care of a psychiatrist.
The mother has been diagnosed with schizophrenia, bipolar disorder, and depression. Despite DHR’s offer of services to treat the mother’s mental illnesses, the mother did not cooperate and did not take the medication prescribed to treat her mental illnesses.. The mother also continued to use illegal drugs, even at the time of trial, after DHR offered the mother drug-treatment services. Despite a thorough investigation of all known family members who could potentially care for the child, DHR was unable to locate a relative willing to take custody of the child. The facts of this case are unusual only in that the mother, who testified at trial, conceded that she was not willing or able to care for the child and admitted that there was no hope for significant improvement in her circumstances in the future. To that effect, the mother signed, under oath, a document consenting to the termination of her parental rights and for the adoption of the child. The child has expressed to her guardian ad litem that she looked forward to being adopted. Despite the overwhelming evidence in favor of terminating the mother’s parental rights, Judge Kelly denied DHR’s termination petition and, in doing so, denied the child the benefits of stability and permanency that come with adoption.
DHR and the child’s guardian ad litem filed with this Court petitions for a writ of certiorari, seeking review of the Court of Civil Appeals’ decision affirming the juvenile court’s order. The petitions, which are nearly identical, wholly fail to comply with the procedural and substantive requirements of Rule 39, Ala. R.App. P. The petitions can best be described as asserting various allegations of juvenile- and appellate-court error, which are not cognizable grounds for certiorari review. See Rule 39(a)(l)(A)-(E), Ala. R.App. P. A majority of this Court has voted to deny the petitions, albeit with the disclaimer that, in denying the petitions, this Court “does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals’ opinion.” 196 So.3d at 1217.
*1219 I wholeheartedly believe that the juvenile - court failed this child by denying DHR’s petition to terminate the mother’s parental rights and that the Court of Civil Appeals’ decision in this case conflicts with prior decisions from that court. See, e.g., T.N.S.R. v. N.P.W., 170 So.3d 684 (Ala.Civ.App.2014) (the presumption of correctness that' is typically afforded a trial court’s findings of fact based on ore tenus evidence cannot be sustained where the conclusion reached is plainly and palpably wrong; further, a trial court’s application of the law to the undisputed facts is not entitled to a presumption' of correctness); and' Rule 39(a)(1)(D). I also believe that DHR and its legal division failed this child by not complying with the. procedural and substantive requirements' of Rule 39. In addition to denying the petitions with the above-mentioned “disclaimer,” the majority of this Court is ordering the attorneys for DHR to submit to a tutorial from staff attorneys in the Supreme Court clerk’s office to instruct them in how to comply with Rule 39 when filing a petition for a writ of certiorari. This is not the first time this Court has ordered such a tutorial for attorneys representing DHR in petitions for a writ of certiorari filed in this Court. Some lessons are learned the har4 way. From the perspective of this child, however, that lesson comes too late.
I dissent in this case because I refuse'to be another adult who has totally failed this child.
BOLIN and WISE, JJ., concur.